```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MAURICIO BEZAMA-ISLER,<br>              Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br>              Respondent. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION No. 10-249 (JEI)<br><br>**OPINION** |

MAURICIO BEZAMA-ISLER, Petitioner *pro se*
Prisoner No. 27787-050
F.C.I. Schuylkill
P.O. Box 759
Minersville, Pennsylvania 17954

PAUL J. FISHMAN, UNITED STATES ATTORNEY
By: Sharon E. Ashe, Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
     Counsel for Respondent

**IRENAS**, Senior District Judge:

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, the Court will deny Petitioner's Motion.

**I.**

Petitioner, a citizen of Chile, initially entered the United States in 1973.  Since then, he has been arrested and convicted a number of times.  In 1986, Petitioner was convicted in the Superior Court of Hudson County, New Jersey, on a felony charge of possession with intent to distribute a controlled dangerous substance.  Petitioner was sentenced to 7 years imprisonment.  As

1

a result of this conviction, Petitioner was deported on or about June 8, 1994.

Approximately one year later, Petitioner returned to the United States, without permission and in violation of 8 U.S.C. § 1326(a).  Following his illegal return, Petitioner was arrested and convicted on a number of occasions.

Federal immigration officials apprehended Petitioner on February 14, 2006.  Petitioner was charged in a one-count information with illegal re-entry after deportation subsequent to a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2).  Petitioner plead guilty to the charge on March 1, 2007, pursuant to a written plea agreement.

The U.S. Probation Office submitted its pre-sentence report.  Petitioner's extensive criminal history equated to 29 criminal history points, leading to a criminal history category of VI.  The U.S. Probation Office concluded that the appropriate Guideline range for imprisonment was 77 to 96 months.  Petitioner agreed that this was the appropriate Guideline range.

Nonetheless, Petitioner urged this Court to impose a sentence below the indicated range based on his recent rehabilitation, as well as his participation in institutional programs during his latest incarceration.

On June 22, 2007, this Court sentenced Petitioner to 77

months imprisonment and 3 years of supervised release.

Petitioner appealed this Court's decision to the United States Court of Appeals for the Third Circuit, which upheld this Court's sentence in an opinion issued on October 24, 2008.

Petitioner filed the present motion pursuant to 28 U.S.C. § 2255 with this Court on January 11, 2010.

## II.

Section 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *see also* Rules Governing § 2255 Cases, Rule 1(a). Thus, Petitioner is entitled to relief only if he can establish that he is in custody in violation of federal law or the Constitution.

A district court is given discretion in determining whether to hold an evidentiary hearing on a § 2255 application. *See Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is

3

needed to determine the truth of the allegations.  *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 291 (3d Cir. 1991). Accordingly, a district court may summarily dismiss a § 2255 application without a hearing where the "motion, files, and records 'show conclusively that the movant is not entitled to relief.'"  *U.S. v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *U.S. v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992)); *Forte*, 865 F.2d at 62.

### III.

Petitioner asserts four grounds for vacating his federal sentence: (1) the sentence was "procedurally unreasonable" and "substantively unreasonable" under 18 U.S.C. § 3553(a),[1] (2) the

---

[1] Petitioner's complaints as to any alleged unreasonableness under § 3553(a) are not grounds for collateral attack under § 2255.  The Supreme Court has held that the grounds for collateral attack on a judgment under § 2255 are limited.  *United States v. Addonizio*, 42 U.S. 178, 184 (1979).  Generally, habeas corpus is only available to review claims of lack of jurisdiction or constitutional error.  *Id.*  An error of law will not provide a basis for relief under § 2255 "unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice."  *Id.* at 185 (internal quotations omitted).

Petitioner's complaints about this Court's alleged failure to properly address the requirements of § 3553(a) is neither jurisdictional nor constitutional.  Further, the alleged error does not constitute a fundamental defect which resulted in a complete miscarriage of justice.  Under the circumstances of Petitioner's conviction, a sentence at the very bottom of the advisory range cannot be held to be a miscarriage of justice.

Petitioner's complaints about the requirements of § 3553(a) should have been raised on direct appeal, and Petitioner did in fact raise certain of these arguments on appeal.  The Court of Appeals, in dismissing these arguments, noted that  "the record demonstrates that the District Court carefully considered and

sentence was "substantively unreasonable because [this Court] did not consider the disparities which exist between similarly-situated deportable aliens at sentencing," (3) trial counsel was constitutionally deficient, and (4) appellate counsel was constitutionally deficient.

The United States opposes Petitioner's § 2255 Motion, arguing: (1) this Court properly addressed Petitioner's § 3553(a) arguments at sentencing, (2) even if this Court did not properly address Petitioner's § 3553(a) arguments at sentencing, an error of law will not provide a basis of relief under § 2255, (3) this Court need not have considered the disparities that exist between similarly-situated deportable aliens at sentencing, and (4) Petitioner's ineffective assistance of counsel allegations do not meet either prong of the *Strickland v. Washington* test, *see* 466 U.S. 668 (1984).

The Court will address each of Petitioner's allegations in turn.

**A.**

Petitioner's argument that his sentence was "substantively unreasonable" because this Court did not grant a Guidelines

---

addressed [Petitioner]'s argument that he should receive a sentence below the Guidelines range based upon his recent rehabilitative progress, while taking into consideration the factors listed in 18 U.S.C. § 3553(a) in imposing the sentence at issue." *United States v. Bezama-Isler*, 294 Fed. Appx. 720, 722 (3d Cir. 2008).

variance based on fast-track disparities fails because the Third Circuit has held that such disparities are authorized by Congress and therefore warranted. *See United States v. Vargas*, 477 F.3d 94, 98 (3d Cir. 2007).[2]  "[A] district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *Id.* at 100.  The Third Circuit further noted that even if there was an unwarranted disparity, a sentence will not be disturbed so long as the judge "demonstrates that he or she viewed the Guidelines as advisory and reasonably exercised his or her discretion." *Id.* (internal citations omitted).  This Court reasonably exercised its discretion at sentencing, taking into account Petitioner's efforts at rehabilitation and sentencing him at the very bottom of the advisory range.  Accordingly, Petitioner's argument fails.[3]

---

[2]  The United States Attorneys' Offices along the United States-Mexico border have adopted programs under which illegal-reentry defendants are offered reduced sentences in return for entering pre-indictment guilty pleas and waiving various rights, including the right to appeal their sentence. (Government's Answer p. 7).  The District of New Jersey does not have a so called "fast-track" program.  (*Id.*)

[3] Although a district court is not required to make variances to account for the absence of a fast-track program, it may consider such disparities at sentencing.  *See United States v. Arrelucea-Zamudio*, 581 F.3d 142, 149 (3d. Cir 2009).  In order to receive a variance based on disparities created by fast-track programs, "a defendant must show at the outset that he would qualify for fast-track disposition in a fast-track district." *Id.* at 156.  A defendant's "serious criminal history may disqualify him in most fast-track districts." *Id.*  Here,

**B.**

Petitioner argues that his trial counsel was constitutionally ineffective at sentencing because trail counsel failed to (1) "adequately consult" with Petitioner in preparation for sentencing or "adequately conduct" an investigation into mitigating issues which could have been raised at sentencing, (2) advance "meritorious grounds" for departure from the Guidelines, including to account for Petitioner's family background, fast-track disparities and the condition of Petitioner's pre-trial confinement,[4] and (3) challenge Petitioner's 16-level aggravating enhancement.

To sustain a claim of ineffective counsel, Petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and a presumption that counsel's actions "might be considered sound trial strategy." *Id.* at 689. Second, Petitioner must show that "there is a

---

Petitioner has an extensive criminal history (Criminal History Category VI) that would preclude him from entering a fast-track program in most, if not all, fast-track districts.

[4] Petitioner did bring the conditions of Petitioner's pre-trial confinement to this Court's attention in his sentencing submission.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Court finds no evidence that trial counsel's performance fell below an objective standard of reasonableness. Counsel argued effectively at sentencing on behalf of Petitioner, and Petitioner was sentenced at the low point of his advisory range. There is no evidence that additional meetings with Petitioner or additional investigation into mitigating factors would have yielded any results. It was reasonable for counsel to not raise the additional mitigating factors asserted by Petitioner because there is no evidence that such factors would have been valid grounds for variance from the Guidelines. Finally, it would not have been reasonable for counsel to challenge Petitioner's 16-level aggravating enhancement because such an enhancement is appropriate under U.S.S.G. § 2L1.2 when an alien illegally returns to the United States after being convicted of an aggravated felony.[5]

Petitioner's ineffective assistance of counsel claim as to his trial counsel also fails the second prong of the *Strickland* test because there is no evidence that the results of sentencing

---

[5] "If the defendant previously was deported, or unlawfully remained in the United States, after... a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months... increase by 16 levels." U.S.S.G. § 2L1.2(b)(1)(A).

would have been different but for the alleged errors of trial counsel.  Even had trial counsel held further meetings with Petitioner, investigated additional grounds for mitigation, advanced such grounds at sentencing, and argued against Petitioner's enhancement, there is no evidence the results at sentencing would have been different

Petitioner has failed to meet both the first and second prongs of the *Strickland* test as to trial counsel, and therefore has failed to show trial counsel was constitutionally ineffective at sentencing.

### C.

Petitioner argues that his appellate counsel was constitutionally ineffective because appellate counsel failed to (1) "consult with or otherwise involve" Petitioner in preparation of his appeal, (2) rase "more substantial and meritorious issues" on appeal, and (3) "challenge the propriety" of Petitioner's 16-level aggravating enhancement.

The Court finds no evidence that appellate counsel's performance fell below an objective standard of reasonableness. There is no evidence that counsel should have held additional meetings with Petitioner about his appeal.  It was reasonable for counsel to not raise additional issues on appeal because there is no evidence that any additional meritorious issues existed. Finally, it would not have been reasonable for counsel to

challenge Petitioner's aggravating enhancement because, as discussed *supra*, a 16-level enhancement is appropriate when an alien illegally returns to the United States after being convicted of an aggravated felony.

Petitioner's ineffective assistance of counsel claim as to his appellate counsel also fails the second prong of the *Strickland* test because there is no evidence that the results of his appeal would have been different but for the alleged errors of appellate counsel. Even had counsel held further meetings with Petitioner, advanced additional issues, and appealed Petitioner's enhancement, there is no evidence the results would have been different.

Petitioner has failed to meet both the first and second prongs of the *Strickland* test as to appellate counsel, and therefore has failed to show appellate counsel was constitutionally ineffective.

**IV.**

For the reasons stated above, Petitioner's Motion pursuant to § 2255 will be denied. An appropriate Order accompanies this Opinion.

Dated: November 18, 2010

                                                 s/ Joseph E. Irenas
                                                 **JOSEPH E. IRENAS, S.U.S.D.J.**